IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEENON J. FARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-808-NJR |
| | ) |
| WARDEN OF MARION USP and | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Keenon J. Farr, an inmate of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at Federal Correctional Institution—Yazoo City, brings this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) for deprivations of his constitutional rights while at United States Penitentiary – Marion ("USP – Marion"). In his Complaint (Doc. 1), Farr alleges he was held in segregation pending his transfer and that he was on twenty-four hour lockdown in a one-man cell with two inmates, requiring him to sleep on the floor. He seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

**The Complaint**

Farr makes the following allegations in the Complaint (Doc. 1): He was sent to segregation on January 9, 2020; he was held there past his release date from segregation because he was waiting for a transfer (*Id*. at p. 1). He was on twenty-four hour lockdown, even though he was supposed to receive one hour of recreation a day. He was housed in a one-man cell with another inmate and he was forced to sleep on the floor due to the limited space (*Id*.).

**Discussion**

Simply put, Farr fails to state a claim upon which relief may be granted. To the extent that he seeks injunctive relief in the form of a release from segregation, he has already been transferred and is no longer housed at USP—Marion. Thus, any request for injunctive relief is now moot. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (a prisoner's request for injunctive relief is rendered moot by his transfer to another prison); *Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008).

Farr also seeks monetary damages. But he only identifies Defendants in the caption of his Complaint, and he fails to include any allegations in his statement of claim. He fails to allege how the Warden was personally involved in holding Farr in segregation nor does he allege how his constitutional rights were violated. *Del Raine v. Williford*, 32 F.3d 1024, 1047 (7th Cir. 1994) (an individual defendant must have caused or participated in a constitutional deprivation); *Ziglar v. Abbasi*, ––– U.S. ––––, 137 S. Ct. 1843, 1860, 198 L.Ed.2d 290 (2017) ("*Bivens* claim is brought against the individual official for his or her own acts, not the acts of others"). He only alleges that he believes his placement in segregation for an extended period of time pending transfer was unjustified. Further, the BOP is not a proper party under *Bivens*. *See FDIC v. Meyer,* 510 U.S. 471, 483–486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

Accordingly, Farr fails to state a claim and his Complaint must be **DISMISSED without prejudice**. If he wants to pursue his claims, he would need to file an Amended Complaint. A successful Complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Should he file an Amended Complaint, Farr should include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. If he does not know the name of a specific defendant, he should refer to them by a John Doe designation. To assist him in this endeavor, the Clerk of Court is **DIRECTED** to send Farr a blank civil rights complaint form.

## Disposition

For the reasons stated, the Complaint is **DISMISSED without prejudice**. Farr is **GRANTED** leave to file a "First Amended Complaint" on or before **January 19, 2021**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and he must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Farr is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Farr is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  12/21/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**