IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEENON J. FARR,

        Plaintiff,

v.

WARDEN OF MARION USP, and
FEDERAL BUREAU OF PRISONS,

        Defendants.

Case No. 20-cv-808-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court for case management purposes. On August 21, 2020, Plaintiff Keenon J. Farr filed his Complaint alleging that he and his cellmate were held on lockdown in a one-man cell (Doc. 1). On December 21, 2020, the Court dismissed Farr's Complaint pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim (Doc. 11). Farr was given until January 19, 2021, to file an Amended Complaint. He was warned that his failure to submit an Amended Complaint would result in the dismissal of his case with prejudice (*Id*. at p. 3).

The deadline for filing his Amended Complaint has long since passed. Farr has neither filed an Amended Complaint nor sought an extension of time to do so. This action is thus subject to dismissal for failure to prosecute and for failure to comply with a court order.

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for failure to prosecute. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). The Clerk

is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

Because the original Complaint failed to state a claim upon which relief may be granted and Farr failed to correct its deficiencies, the Court counts this dismissal as one of Farr's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Farr wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Farr plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Farr does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Farr may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

DATED:   February 22, 2021

*(signature: Nancy J. Rosenstengel)*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**